

U.S. Department of Justice

Matthew M. Graves
United States Attorney
District of Columbia

---

*Judiciary Center*
*601 D Street, N.W.*
*Washington, D.C. 20530*

March 23, 2023

**VIA E-MAIL**
Erich Ferrari, Esq.
Counsel for Des International Co., Ltd.

CR-23-107-01

RE: <u>United States v. Des International Co., Ltd.</u>, 20-mj-225

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Des International Co., Ltd. (hereinafter referred to as "your client" or "defendant" or "DES"), from the Office of the United States Attorney for the District of Columbia ("USAO-DC") and the Department of Justice's National Security Division ("NSD") (collectively "the Government"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement").

The terms of the offer are as follows:

1. **Charges and Statutory Penalties**

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with conspiracy to defraud the United States and to violate the International Emergency Economic Powers Act (50 U.S.C. § 1705) and the Iranian Transactions and Sanctions Regulations (31 C.F.R. Part 560), in violation of 18 U.S.C. § 371. Your client hereby acknowledges that it has accepted this Agreement and decided to plead guilty because it is in fact guilty of the charged offense. The authorized corporate representative has authority to enter into this Agreement and has: (1) reviewed the Information in this case, the Statement of Offense, and the proposed Agreement or has been advised on the contents thereof; (2) consulted with legal counsel in connection with this matter; (3) agreed to enter into this Agreement and to admit to the attached Statement of Offense; (4) been authorized by your client to plead guilty to the charge specified in the Information; and (5) agreed to execute this Agreement and all other documents necessary to carry out the provisions of this Agreement.

Your client understands that a violation of 18 U.S.C. § 371 carries a maximum fine of $500,000, or a fine of twice the gross gain or gross loss, whichever is greater, pursuant to 18 U.S.C. § 3571(d). Your client may also be subject to a term of corporate probation of not less than one year and not more than five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663. Fines imposed by the Court may be subject to the payment of interest. Your client also understands that, pursuant to 18 U.S.C. § 3572 and Section 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* 2018 (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any term of supervised release and period of probation. In addition, your client agrees to pay a special assessment of $400 per felony conviction to the Clerk of the United States District Court for the District of Columbia.

Your client's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Your client cannot withdraw its plea of guilty unless the Court rejects this Agreement or fails to impose a sentence consistent with the Agreement.

## 2. Factual Stipulations

Your client agrees that the attached Statement of Offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty and establishes guilt for the offense charged beyond a reasonable doubt. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information and to also appear for the imposition of sentence. Your client agrees to accept the Statement of Offense attached hereto as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court. This Agreement is contingent on your client's acceptance of the Statement of Offense.

## 3. Additional Charges

In consideration of your client's guilty plea to the above offenses, and the complete fulfillment of all of the obligations under this Agreement, no additional criminal charges shall be filed against your client, or its successors-in-interest, by the Government for any criminal violations by your client for the conduct described in the statement of offense. Nor will the Government bring any civil forfeiture or criminal forfeiture action against your client for the conduct described in the statement of offense. This Agreement provides no immunity or protection, in any manner, for individuals from any criminal investigation or prosecution.

## 4. Sentencing Guidelines Analysis

The parties agree that, pursuant to U.S.S.G. § 8C2.10, the sentence is determined by applying 18 U.S.C. §§ 3553 and 3572 because the offense conduct to which your client is pleading guilty is covered by U.S.S.G. § 2M5.1 (Evasion of Export Controls) and that U.S.S.G. provision is not listed under U.S.S.G. § 8C2.1 which governs criminal fines for organizations.

## 5. Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the Government agree that a sentence of five years of probation, a fine of $83,769, and a special assessment of $400, is an appropriate sentence and should be imposed by the Court in connection with your client's guilty plea to the Information, taking into account the inapplicability of the Sentencing Guidelines, the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to other criminal conduct, as well as for the sentence imposed to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). Your client and the Government agree that this is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. §§ 3553(a) and 3572. Your client agrees that there shall be a credit for any portion of the fine amount paid by your client's co-defendant. Your client agrees that it will not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any fine or forfeiture imposed pursuant to this Agreement, including the amounts paid in satisfaction of any fine or criminal forfeiture.

Except as may otherwise be agreed by the parties hereto in connection with a particular transaction, your client agrees that in the event that, during the term of probation, it undertakes any change in corporate form, including if it sells, merges, or transfers business operations that are material to your client's consolidated operations, or to the operations of any subsidiaries or affiliates involved in the conduct described in the attached Statement of Offense, as they exist as of the date of this Agreement, whether such sale is structured as a sale, asset sale, merger, transfer, or other change in corporate form, it shall include in any contract for sale, merger, transfer, or other change in corporate form a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement. Your client agrees that the failure to include these provisions in the transaction will make any such transaction null and void. Your client shall provide notice to the Government at least thirty (30) days prior to undertaking any such sale, merger, transfer, or other change in corporate form. The Government shall notify your client prior to such transaction (or series of transactions) if it determines that the transaction(s) will have the effect of circumventing or frustrating the enforcement purposes of this Agreement. Nothing herein shall restrict your client from indemnifying (or otherwise holding harmless) the purchaser or successor in interest for penalties or other costs arising from any conduct that may have occurred prior to the date of the transaction, so long as such indemnification does not have the effect of circumventing or frustrating the enforcement purposes of this Agreement, as determined by the Government.

Your client agrees to waive a pre-sentence investigation and report and consents to any Government request that the Court conduct a sentencing hearing and impose the sentence on the same date as the entry of the guilty plea.

Your client and the Government further agree that the following conditions of corporate probation are appropriate in this case, will be part of your client's sentence, and your client agrees to abide by them:

a. the applicable mandatory conditions of probation described in 18 U.S.C. § 3563(a)(1) and U.S.S.G. § 8D1.3(a); and

b. Your client shall not commit any felony violation of United States Federal law, during the term of the probation.

## 6. Relevant Considerations

The Government enters into this Agreement based on the individual facts and circumstances presented by this case and your client. Among the factors considered were the following: (a) the nature and seriousness of the conduct described in the Statement of Offense; (b) your client's willingness to acknowledge and accept responsibility under the laws of the United States for the actions of its officers, directors, employees, and agents, as described in the Statement of Offense; (c) the absence of cooperation or of any known compliance or remediation efforts; and (d) your client's failure to timely and voluntarily self-disclose the conduct described in the Statement of Offense before the commencement of the investigation into potential violations. After considering the above, the appropriate fine to your client is the value of three times (3x) the gross gain as set forth in paragraphs 15, 19, 25, and 27 of the Statement of Offense.

## 7. Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to a five-year term of probation, a fine of $83,769, and a $400 special assessment. Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

## 8. Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges, including before your client enters any guilty plea in this case. If the Court rejects this Plea Agreement or fails to impose a sentence consistent herewith, and your client withdraws the plea or the Government withdraws from this Agreement, the Plea Agreement shall be null and void.

## 9. Court Not Bound by This Agreement

In accordance with Paragraph 8 above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that a sentence of five years of probation, a fine of $83,769, and Special Assessment of $400, constitutes a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client also acknowledges in this circumstance that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty if the Court does not follow the Government's sentencing recommendation.

### 10. Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer (should a presentence report be requested by the Court) and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

Your client further understands that the Government reserves its full right of allocution for purposes of sentencing in the event the Court rejects the Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure and your client does not maintain its guilty plea, or, if your client withdraws its guilty plea, at any time. In such an event, the Government reserves its right to recommend a sentence of a fine up to the maximum fine allowable by law and to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty.

### 11. Waivers

## A. Venue

Your client waives any challenge to venue in the District of Columbia. Your client agrees that, should the conviction following this plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution may proceed in the District of Columbia.

## B. Statute of Limitations

Your client agrees that, should it withdraw its plea of guilty, should the Court reject the plea of guilty, or should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any conduct that has been disclosed to the Government during the course of this investigation that is not time-barred) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

## C. Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws its guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

Your client acknowledges and agrees that its counsel has rendered effective assistance.

### D. Appeal Rights

Your client agrees to waive the right to appeal the conviction in this case on any basis permitted by law, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any fine, forfeiture, award of restitution, term or condition of probation, authority of the Court to set conditions of probation, and the manner in which the sentence was determined, and also including the appeal of any sentence imposed if the Court rejects this Agreement and neither party withdraws from the Agreement. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E. Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack available under law, except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.

### 12. Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 13. Public Statements

Your client expressly agrees that it shall not cause to be made, through their attorneys, boards of directors, agents, officers, employees, consultants or authorized agents (including contractors, subcontractors, or representatives), including any person or entity controlled by any of them, any public statement contradicting or excusing any statement of fact contained in the Statement of Offense. Any such public statement by your client, its attorneys, boards of directors, agents, officers, employees, consultants, contractors, subcontractors, or representatives, including any person or entity controlled by any of them, shall constitute a willful and material breach of this Agreement as governed by Paragraph 12 of this Agreement, and the Government would then be released from its obligations under this agreement. The decision of whether any public statement by any such person contradicting or excusing a fact contained in the Statement of Offense will be imputed to your client for the purpose of determining whether the Agreement has been materially breached shall be in the sole and reasonable discretion of the Government.

Upon the Government's notification to your client of a public statement by any such person that in whole or in part contradicts or excuses a statement of fact contained in the Statement of Offense, your client may avoid breach of this Agreement by publicly repudiating such statement within seventy-two hours after notification by the Government. Your client shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Offense provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Offense. This paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of your client in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of your client. Subject to this paragraph, your client retains the ability to provide information or take legal positions in litigation or other regulatory proceedings in which the Government is not a party.

Your client agrees that if they issue a press release or hold any press conference in connection with this Agreement, your client shall first consult with the Government to determine: (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the parties; and (b) whether the Government has any objection to the release.

### 14. Prosecution by Other Agencies or Jurisdictions

This Agreement binds only the USAO-DC and National Security Division. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any State or local prosecutor. These individuals and agencies remain free to prosecute your client for any offenses committed within their respective jurisdictions. The USAO-DC and National Security Division agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this Agreement and the cooperation, if any, provided by your client.

### 15. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.[1]

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

---

[1] Your client and the Government agree that the following general licenses issued by the Treasury Department's Office of Foreign Assets Control would apply, if necessary, to your client's authorization to enter the Agreement and to conduct related activities in the United States including payment of any fine ordered as part of your client's sentence: 31 C.F.R. 544.507 (provision of certain legal services); 31 C.F.R. 544.510 (official business of the United States government). Your client and the Government agree that these general licenses would also apply to the payment or transfer of any fine payment from your client to your client's law firm and from your client's law firm to the Government, including such a payment or transfer originating from inside the United States.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than March 30, 2023.

Sincerely yours,

*Matthew M. Graves /SXM/*
Matthew M. Graves
United States Attorney

By: *Michael Friedman / MJF*
Michael J. Friedman
Assistant United States Attorney

Matthew G. Olsen
Assistant Attorney General
National Security Division

*Chris M. Rigali*
Christopher Rigali
Trial Attorney

## DEFENDANT'S ACCEPTANCE

The Authorized Representative of DES is authorized and empowered on behalf of DES, to execute this Plea Agreement. I have read every page of this Agreement and have discussed it with the management of DES and outside counsel for DES. We fully understand this Agreement and I have been authorized to agree to it on behalf of DES without reservation. DES enters into this agreement voluntarily and of its own free will, intending to be legally bound. No threats have been made to DES nor am I under the influence of anything that could impede my ability to understand this Agreement fully. DES is pleading guilty because it is in fact guilty of the offense identified in this Agreement.

DES reaffirms that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with its decision to plead guilty except those set forth in this Agreement. DES is satisfied with the legal services provided by its attorney in connection with this Agreement and matters related to it.

Date: March 29, 2023

_Amber Sun_
Amber Sun, Director
Authorized Representative, Des International Co., Ltd.

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, DES and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: March 29, 2023

_Erich Ferrari_
Erich Ferrari, Esq.
Attorney for Defendant